**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GIANT EAGLE, INC. | ) | CASE NO. |
| 101 Kappa Drive | ) | |
| Pittsburgh, Pennsylvania 15238 | ) | JUDGE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **COMPLAINT FOR FORECLOSURE** |
| SALVATORE A. REGO | ) | |
| 3269 Wildwood | ) | |
| Medina, Ohio 44256, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| TAMMY J. REGO | ) | |
| 3269 Wildwood | ) | |
| Medina, Ohio 44256, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| COUNTRYWIDE HOME LOANS, INC. | ) | |
| c/o CT Corporation System | ) | |
| 1300 East 9th Street | ) | |
| Cleveland, Ohio 44114, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MORTGAGE ELECTRONIC | ) | |
| REGISTRATION SYSTEMS, INC. | ) | |
| As Assignee for the Countrywide Home | ) | |
| Loans, Inc. | ) | |
| c/o CT Corporation System | ) | |
| 1300 East 9th Street | ) | |
| Cleveland, Ohio 44114, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JOHN A. BURKE | ) | |
| MEDINA COUNTY TREASURER | ) | |
| 144 N. Broadway Street | ) | |
| Medina, OH  44256, | ) | |
| | ) | |
| and | ) | |

| | |
|---|---|
| JUDITH A. REGO <br> 13089 E. River Road <br> Columbia Station, Ohio 44028, <br><br> and <br><br> BANK OF AMERICA, N.A. <br> c/o CT Corporation System <br> 1300 East 9th Street <br> Cleveland, Ohio 44114, <br><br> and <br><br> NATIONAL CITY CORPORATION dba <br> NATIONAL CITY BANK <br> c/o CSC – Lawyers Incorporating Service <br> 50 West Broad Street <br> Suite 1800 <br> Columbus, Ohio 43215, <br><br> and <br><br> MARK STEWART <br> LORAIN COUNTY TREASURER <br> 226 Middle Avenue <br> Elyria, OH  44035, <br><br>             Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Plaintiff, Giant Eagle, Inc. ("Plaintiff") by and through its undersigned counsel, states for its Complaint for Foreclosure and Relief ("Complaint") as follows:

**JURISDICTION AND VENUE**

1.     Jurisdiction is founded on 28 U.S.C. Section 1332(a)(1). The citizenship of the parties is diverse and the amount in controversy exceeds the jurisdictional requirement. Plaintiff is a Pennsylvania corporation, with its principal place of business in O'Hara Township, Pittsburgh, Pennsylvania. None of the defendants is a citizen of Pennsylvania. Venue is proper in

the Northern District of Ohio, Eastern District as the real property that is the subject of this action is located in this district.

## GENERAL ALLEGATIONS

2. Plaintiff is the recipient of a judgment in the case captioned *Giant Eagle, Inc. v. Alan Rego, Inc., et al.*, Cuyahoga County Court of Common Pleas, Case No. CV-08-666069 (the "Judgment") and the judgment lien associated with the Judgment, Judgment Lien No. JL-08-338273, filed on July 25, 2008 (the "Judgment Lien"). Copies of the Judgment Entry and Judgment Lien are attached hereto as Exhibit A.

3. Defendants Salvatore and Tammy Rego were the owners of real property located at 3269 Wildwood, Medina, Ohio 44256, Medina County Parcel No. 026-06D-24-013 ("Subject Property A") and real property located at 13089 E. River Road, Columbia Station, Ohio, Lorain County Parcel Nos.12-00-024-000-010, 12-00-025-000-001, 12-00-037-000-041, 12-00-037-000-042, and 12-00-037-000-043 ("Subject Property B").

4. The Judgment Lien is a valid lien upon the respective Subject Properties.

5. On or about July 30, 2008, Defendants Salvatore A. Rego and Tammy J. Rego quit-claimed their interest in Subject Property A to Defendant Tammy J. Rego, which was recorded on August 20, 2008. Defendants Salvatore A. Rego and Judith A. Rego quit-claimed their interest in Subject Property B to Defendant Judith A. Rego, which was recorded on August 27, 2008. Defendants failed to obtain a release of the Judgment Lien prior to transferring the respective Subject Properties and, as a result, the Judgment Lien still encumbers them.

6. Plaintiff has attached hereto two Preliminary Judicial Lien Reports as Exhibit B related to the respective Subject Properties.

7.     Pursuant to the Preliminary Judicial Lien Report, Defendant Mortgage Electronic Registration System has or claims to have an interest in Subject Property A by virtue of a Mortgage recorded on June 30, 2003, Instrument No. 2003OR032811.

8.     Pursuant to the Preliminary Judicial Lien Report, Defendant Countrywide Home Loans, Inc. has or claims to have an interest in Subject Property A by virtue of an Open-End Mortgage recorded on June 30, 2003, Instrument No. 2003OR032812.

9.     Defendant Tammy J. Rego has or claims to have an interest in Subject Property A.

10.    Defendant John A. Burke, Medina County Treasurer, may have an interest in Subject Property A by virtue of unpaid taxes, if any.

11.    Pursuant to the Preliminary Judicial Lien Report, Defendant Bank of America has or claims to have an interest in Subject Property B by virtue of a Mortgage recorded on November 15, 2006, Instrument No. 20060176029.

12.    Pursuant to the Preliminary Judicial Lien Report, Defendant National City Bank has or claims to have an interest in Subject Property B by virtue of an Open-End Mortgage recorded on February 15, 2000, Instrument No. 20000668893.

13.    Defendant Judith A. Rego has or claims to have an interest in Subject Property B.

14.    Defendant Mark Stewart, Lorain County Treasurer, may have an interest in Subject Property B by virtue of unpaid taxes, if any.

## COUNT ONE

15.    Plaintiff incorporates each and every allegation contained in Paragraphs 1 through 14 above as if fully rewritten herein.

16.    By virtue of the Judgment Lien and pursuant to R.C. 2329.01 *et seq.*, Plaintiff is entitled to have its lien marshaled, its priority determined, the respective Subject Properties

appraised and sold at Sheriff's Sale and the proceeds distributed according to the priority of the respective liens.

17. Plaintiff states that all Defendants must answer and set up any claim(s) that they have in the Subject Property or be forever barred from doing so.

## COUNT TWO

18. Plaintiff incorporates each and every allegation contained in Paragraphs 1 through 17 above as if fully rewritten herein.

19. This claim is brought pursuant to R.C. 1336.01 *et seq.* for fraudulent conveyance.

20. On or about July 30, 2008, after Defendant Salvatore A. Rego became indebted to Plaintiff pursuant to the Judgment Lien, Defendant Salvatore A. Rego conveyed his interest in Subject Property A to Defendant Tammy J. Rego.  On or about August 20, 2008, after Defendant Salvatore A. Rego became indebted to Plaintiff pursuant to the Judgment Lien, Defendant Salvatore A. Rego conveyed his interest in Subject Property B to Defendant Judith A. Rego. Copies of both Quit Claim Deeds are attached hereto as Exhibit C.

21. Upon information and belief, Defendant Salvatore A. Rego executed the Quit Claim Deeds with the intent to hinder, delay, and defraud his creditors, including Plaintiff.

22. Defendant Tammy J. Rego and Defendant Judith A. Rego accepted the transfer with knowledge of the fraudulent intent on the part of Defendant Salvatore A. Rego and with the intent on their part to assist in such fraudulent purpose.

23. Upon information and belief, Defendant Salvatore A. Rego has no other property from which Plaintiff can collect its Judgment and Judgment Lien.

24. There is now due and owing Plaintiff on the Judgment and Judgment Lien the sum of $664,067.36 with interest thereon at the rate of eighteen (18%) percent per annum, from July 25, 2008 plus costs.

25. As a result, the transfer of Defendant Salvatore A. Rego's interest in the respective Subject Properties to Defendant Tammy J. Rego and Defendant Judith A. Rego was a fraudulent transfer and voidable pursuant to R.C. 1336.07.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

(A) On Count One, that Defendants named herein be required to answer and set up any claim(s) that they may have in the Subject Properties or be forever barred; that Plaintiff be found to have a lien on the Subject Properties for the amount due on the Judgment Lien; that the Subject Properties be ordered appraised, advertised and sold according to law; and that the proceeds from the sale be distributed according to the priority of the respective liens.

(B) On Count Two, that the Court enter an Order declaring the attached Quit Claim Deeds null and void; that this Court restore ownership to Defendants Salvatore and Tammy Rego jointly and to Defendants Salvatore and Judith Rego, jointly or in the alternative, pursuant to R.C. 1336.07(A)(2), attach Plaintiff's interest against these assets so transferred; and that this Court enter any additional equitable orders pursuant to R.C. 1336.07(3) in the form of an injunction against further dispositions or any other equitable relief this Court finds just and equitable.

(C) Plaintiff requests that it be awarded its reasonable attorney's fees and costs associated with prosecuting this matter.

- 7 -

Respectfully submitted,

/s/Debra J. Horn
Ronald P. Friedberg (0055304)
Debra J. Horn (0037386)
*rfriedberg@meyersroman.com*
*dhorn@meyersroman.com*
MEYERS, ROMAN, FRIEDBERG & LEWIS
28601 Chagrin Boulevard, Suite 500
Cleveland, OH 44122
Phone:  (216) 831-0042
Fax: (216) 831-0542
Attorneys for Plaintiff Giant Eagle